674

The People of the State of Illinois, Plaintiff-Appellee, v. Freddie L. McDonald, Defendant-Appellant.

(No. 57543; <!-- redacted -->

First District (4th Division)—April 18, 1973.

<!-- redacted content -->

James J. Doherty, Public Defender, of Chicago, withdrew for appellant.

No appearance for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Freddie L. McDonald, was charged with the offense of armed robbery. Represented by privately retained counsel he pleaded guilty to the offense and was sentenced to serve not less than five, nor more than eight years in the Illinois State Penitentiary.

Defendant, represented by appointed counsel, filed a notice of appeal. Appointed counsel now seeks to withdraw and has filed a brief in support of his motion to withdraw, pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed. 493, 87 S.Ct. 1396, and states from a review of the record the only basis for an appeal could be (1) whether defendant was properly admonished by the trial court before his guilty plea was accepted

and (2) whether the sentence imposed was excessive. Appointed counsel concludes that defendant was properly admonished of his rights before knowingly and voluntarily entering a plea of guilty and that the sentence imposed was not excessive. Appointed counsel having found no meritorious grounds for appeal thus seeks to withdraw.

Defendant received a copy of his appointed counsel's motion to withdraw and a copy of the supporting brief. Defendant was also sent a letter by this court notifying him of the motion and giving him an opportunity to file any points he might choose to support his appeal within 30 days from the date of the letter. Defendant failed to respond.

■■ Our examination of the record in the instant case reveals the trial court, before accepting defendant's guilty plea, admonished him as to the nature of the charge against him; that the minimum and maximum sentences are prescribed by law; that defendant had the right to plead not guilty or to persist in his guilty plea; that by pleading guilty he waived his right to a trial by jury and the right to be confronted with the witnesses against him; and asked whether any threats or duress had been exercised upon defendant. The trial court further confirmed the terms of the plea agreement on the record and heard a factual basis for the plea before entering a final judgment. It is clear defendant, who was represented by privately obtained counsel was properly admonished before his guilty plea was accepted by the trial court.

■■ The record in the case at bar further reveals that after the trial court accepted defendant's plea of guilty and after the court conducted a hearing in mitigation and aggravation, the trial court sentenced defendant to a term of not less than five nor more than eight years in the Illinois State Penitentiary. In view of the fact defendant had been convicted of two prior felonies, it cannot be said the sentence imposed was excessive.

■■ After examining the points raised by appointed counsel's brief as well as the entire record before this court, we are compelled to conclude this appeal would be wholly frivolous and without merit. The motion of appointed counsel to withdraw from the instant appeal is therefore allowed and the judgment of the Circuit Court of Cook County is hereby affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.